Filed 7/26/23  P. v. Parks CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C092561 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F08570) |
| v. | OPINION ON TRANSFER |
| CHARLES ANDRE PARKS, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

In 1997, a jury found defendant Charles Andre Parks guilty of first degree burglary (Pen. Code, § 459)[1] and attempted burglary (§§ 664/459).

In 2014, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (Gen. Elec. (Nov. 4, 2014) (Proposition 47), which created a resentencing provision codified at section 1170.18 that permits a person serving a sentence for certain

---

[1] Undesignated statutory references are to the Penal Code.

1

designated felonies to petition for recall of the sentence to reduce a felony to a misdemeanor.

Defendant sought application of Proposition 47 to his attempted burglary conviction, but the trial court denied relief because defendant's attempted burglary conviction is not eligible for reduction to a misdemeanor. This court affirmed the order. (*People v. Parks* (Feb. 27, 2017, C081928) [nonpub. opn.].)

In October 2019, defendant filed another Proposition 47 petition, which the trial court denied. Defendant appealed and defendant's appellate counsel requested that this court review the record to determine whether there were any arguable issues on appeal. We determined defendant was not entitled to a *Wende* review and that his appeal had been abandoned by his failure to raise any claim of error. Accordingly, we dismissed the appeal.

Defendant petitioned our Supreme Court for review; that court directed us to vacate our prior decision and reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216.

On May 31, 2023, this court sent a letter notifying defendant: (1) his counsel filed an appellate brief stating a review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we advised defendant that if the court did not receive a letter brief within that period, "the court may dismiss the appeal as abandoned." Neither appellate counsel nor defendant filed any briefing after the transfer. Accordingly, we consider defendant's appeal abandoned and order the appeal dismissed. (*People v. Delgadillo, supra,* 14 Cal.5th at p. 232.)

2

## DISPOSITION

The appeal is dismissed.

_____/s/_____
Duarte, J.

We concur:

_____/s/_____
Hull, Acting P.J.

_____/s/_____
Mesiwala,  J.